ULPIANO VÉLEZ, ETC., FÉLIX MANUEL BOU, Plaintiffs and Appellees, v. HALCO SALES, INC., and INSURANCE COMPANY OF NORTH AMERICA, Defendants and Appellant the former; GLENWALL DE PUERTO RICO, INC., and AETNA INSURANCE COMPANY, Third-Party Defendants-Appellees.

No. R-67-357.    Decided June 18, 1969.

*Juan Enrique Géigel, Guillermo Silva, Hernán G. Pesquera, Miguel A. Giménez Muñoz,* and *Ernesto Rodríguez Font* for Insurance Company of North America. *Rivera Zayas, Rivera Cestero & Rúa* and *Rodolfo Cruz Contreras* for Glenwall de P.R., Inc., and Aetna Insurance Company.

Second Division composed of Mr. Justice Hernández Matos, as Chief Judge of Division, Mr. Justice Santana Becerra, Mr. Justice Dávila, and Mr. Justice Torres Rigual.

MR. JUSTICE SANTANA BECERRA delivered the opinion of the Court.

Ulpiano Vélez, in his capacity as Manager of the State Insurance Fund and in behalf of workman Félix Manuel Bou, filed a complaint in the Superior Court, San Juan Part, against Halco Sales, Inc., and its insurer Insurance Co. of North America. He alleged that on October 17, 1963, and in an apartment house under construction, at the time in which the workman Félix Manuel Bou was descending on a winch the device failed to operate properly for which it fell from a considerable height down to its base. As a consequence of the accident the workman sustained injuries which caused his

disability. That the Manager of the State Insurance Fund incurred expenses amounting to $9,200.45 as compensable labor accident. He alleged that the accident was due to the sole and exclusive fault and negligence of the defendant Halco Sales, Inc., in failing to keep said winch in proper condition for the use to which it was devoted. He claimed damages in the amount of $109,200.45 and the Fund's right to recover the aforesaid expenses of $9,200.45.

The codefendant insurance Company denied the allegations of the complaint. At the same time it brought a third-party complaint against Glenwall de Puerto Rico, Inc., as third-party defendant. It alleged that although on the date of the accident the referred to device, the winch, was the property of its insured Halco Sales, Inc., at that time it was in the possession of the third-party defendant Glenwall under a lease contract; and that by virtue of said contract, the third-party defendant assumed full and total responsibility for whichever claims for damages might arise as a result of the use or possession of the referred to equipment. It alleged that by reason of said contract the third-party defendant could be liable to the codefendant for the totality or for part of any sum of money it must pay to the plaintiff by judgment rendered in this case in favor of said plaintiff.

As third-party defendant, Glenwall de Puerto Rico, Inc., appeared and requested the dismissal of the third-party complaint. On November 2, 1967 the trial court rendered the following judgment:

"JUDGMENT—The answers to the request for admission submitted by the third-party defendant Glenwall de. P.R., Inc. and Aetna Insurance Company to the third-party plaintiff Halco Sales, Inc. and Insurance Company of North America having been examined, and the judgments of the Supreme Court of Puerto Rico in the cases of *Núñez Méndez* v. *Water Resources Authority,* judgment of February 16, 1966, and *Marcano* v. *Water Resources Authority,* judgment of January 20, 1965 having

been examined also, the third-party complaint is hereby dismissed. Let it be entered and notified."

We issued this writ in order to review the foregoing judgment.

■ Section 31 of the Workmen's Accident Compensation Act, Act No. 45 of April 18, 1935, provides that in those cases where the injury, disease or death entitling the workman or employee, or his beneficiaries, to compensation, under the provisions of said Act, has been caused under circumstances making third parties liable for such injury, disease or death, the workman or employee or his beneficiaries may claim and recover damages from the third party liable for said injury, disease, or death. This section subrogates the State Insurance Fund in the rights of the workman or employee or of his beneficiaries in those cases, and the Fund may file an action against said third tort-feasor in the name of the workman or employee or of his beneficiaries.

This is the action for subrogation and in behalf of the workman, which has been brought in this case. As complement of the above-mentioned § 31, the Act itself provides in its § 20 that when the employer insures his workmen or employees in accordance with said Act, the right established in the same to obtain compensation "*shall be the only remedy against the employer.*"

It appears from the record that the accident occurred while the workman worked for the third-party defendant Glenwall as employer. The situation is the typical one we have had before our consideration in several cases and which was analyzed not too long ago in *Cortijo Walker* v. *Water Resources Authority*, 91 P.R.R. 557 (1964). Stating that situation by the Court, we said in the *Cortijo* case:

"Under the system of our Workmen's Accident Compensation Act, it has been held in this jurisdiction that the injured workman or employee or his beneficiaries may not demand compensation from the employer under the common-law liability

rules, in our case, the Civil Code. The compensation provided by the statute is the only remedy against his employer available to the workman or his beneficiaries, provided the case comes within the ambit of the Act. *De Jesús* v. *Osorio,* 65 P.R.R. 601, 603 (1946); *Onna* v. *The Texas Co.,* 64 P.R.R. 497, 500 (1945); *Rivera* v. *Industrial Commission,* 67 P.R.R. 526, 528 (1947); *Fonseca* v. *Prann,* 282 F.2d 153, 157, *cert. denied,* 365 U.S. 860. When the compensation statute does not cover the case, see *Arroyo* v. *Plaza Provision Co.,* 68 P.R.R. 889, 892 (1948).

"In view of the historical experience of the workmen's difficult uphill strife to obtain compensation in labor accidents, when he was bound to establish convincingly acts of negligence of his employer or of another fellow workman and the employer could in turn allege as a defense his own negligence or carelessness, a historical situation which has so often forsaken the workman or his family, the lawmaker elected in this case an integrated system on the basis of a social, objective liability in this sphere of labor-management relationship. It could have been at the expense of subjecting the workman or his family as respects the employer to reasonable recovery of statutory compensation solely on the basis of a criterion of dependence, as compared with a greater compensation and a greater relationship under the general civil-law rules, and of depriving him of the latter. The lawmaker made his selection from among factors of convenience, and applied an integrated social system of objective liability. The immunity afforded to the employer against other acts or remedies—§ 20—in the cases covered by the statute should have been essential to the objective liability system adopted as a means of encouraging every employer to take out insurance, without which the system could not be effective.

"This legislative criterion of granting to the employer immunity from remedies other than the compensation became even more evident in 1935 when the present statute was enacted. The 1928 legislation—Act No. 85—which was substituted by the present legislation, contained a similar provision—§ 33—declaring the statutory compensation the only remedy against an employer who insured his workmen. Notwithstanding that provision, Act No. 85 granted in § 44 an action of damages in favor of the workman or his heirs against an employer when the injuries were caused by an illegal act or criminal *negligence* of his employer, in which case the workman or his heirs could waive the

statutory benefits. Similarly, § 45 authorized the Industrial Commission to subrogate itself in the right of the workman or his heirs and to recover damages from *an employer* responsible for the injury caused by his illegal act or criminal *negligence*. Those provisions of the former statute were superseded since 1935 when the present Act was adopted, which shows a specific and definitive criterion of the lawmaker not to grant general action of damages of any kind against the employer, regardless of his actions in the Aquilian sphere and the degree of fault or negligence, with the exception of those situations provided in § 15—uninsured employer—in which, notwithstanding the benefits of the Act granted to the workman or his family, they may sue the employer in tort as an additional sanction for failure to take out insurance. This is the only case."

⋅        ⋅        ⋅        ⋅        ⋅        ⋅        ⋅        ⋅

"The beneficiaries of the workman have sued appellant Authority alleging that its negligence caused the death. Appellant holds the employer liable as third-party defendant on the ground of his alleged negligence, alleging that he should indemnify plaintiffs. In the alternative, which would amount to the same thing, to pay to appellant the whole or part of any amount which the latter may be bound to pay to plaintiffs. The insured employer is placed in the position of having to contest and defend himself against a claim for damages for the death of one of his employees in the course of employment, based on his negligence.

"A third-party claim against the employer under the circumstances of the record—insured employer and the accident covered by the compensation statute—is not available in law under statutory provisions such as § 20, nor on the theory of 'contribution' in which a joint tort-feasor would be liable to another tort-feasor, nor on the theory of the right of a defendant in tort to be 'indemnified' by a third-party defendant in connection with the facts. The great majority of courts has upheld the impropriety of such a third-party claim against the employer where there is an exclusive-remedy clause such as that of our statute."

As in the present petition for review, in *Cortijo*, a third-party defendant was brought to be liable for the claim, third-party defendant who, as in this case also, turned out to be the employer himself. Concerning particularly that third-party

defendant who turned out to be the employer himself, we stated further on:

"Apart from the refined concept, there is a more simple common sense ground which is also taken into account. To permit the third-party claim would amount to doing indirectly what the lawmaker has forbidden to be done directly. It would amount to considering the employer's negligence by the rear door of a third-party claim and holding him liable in tort for such negligence."

Subsequently, in *Widow of Andino* v. *W.R.A.*, 93 P.R.R. 168 (1966), although it did not present the case of a third-party defendant, because it was determined that there existed a degree of concurrent negligence on the part of the employer's employee and for which negligence the defendant therein Water Resources should not be held liable, it was necessary to repeat:

"In this case 'the worker's employer, as principal, was at fault for the negligence of its other employee, the truck driver. The death was a labor accident. Under the system of the Workmen's Accident Compensation Act (Sess. Laws, p. 250), his insured employer is not liable to the worker for the accident, even if there be negligence. Section 20 of Act No. 45 of April 18, 1935 (Sess. Laws, p. 250). See *Cortijo Walker* v. *Water Resources Authority*, 91 P.R.R. 557 (1964). The employer in this case could not be a direct codefendant, nor would he be indirectly liable as a third-party defendant, nor could defendant afterwards recover from the employer as collaborator of the damage. The immunity of an *insured* employer from liability for damages due to his fault is absolute under the integral operation system of the law providing compensation for labor accidents."

Both the *Cortijo* case and that of *Widow of Andino*, previously cited, were decided in the light of the concept of the employer's Aquilian liability or fault. In other words, on the basis of the negligence of the employer *ex delicto* by action or omission intervening fault or negligence, considering also, in this sphere, the related "indemnity" and "contribution" theories. (91 P.R.R. at page 565 *et seq.*)

■ The present petition for review presents us with the problem of asserting an *ex-contractu* claim against the employer, by another person who is not the workman. *Cf.* Concurring opinions in *Marcano Torres* v. *Water Resources Authority*, published in 91 P.R.R. 636 *et seq.* (1965).

It appears from the record that between the defendant Halco Sales, Inc., and the third-party defendant Glenwall, a contract dated on July 26, 1963 was signed in which Glenwall bound itself as lessor of the equipment to keep it in safe condition for its operation; it assumed all the responsibility for claims asserted by any person, which could arise from the maintenance, use, and possession of said equipment, and it agreed to hold the defendant Halco Sales harmless from the liability it could have by reason of such claims.[1]

Undoubtedly the third-party complaint in this case is directed to assert said contractual clauses. Even though it were interpreted that the agreement of the third-party defendant Glenwall with the codefendant Halco to assume all responsibility for claims from any person which could arise from the maintenance, use, and possession of the equipment excludes Glenwall's responsibility as employer to his own employee in the light of the rules of the Act, Glenwall went still further and agreed *inter alia* to hold Halco harmless or to assume any responsibility which Halco could have for the reasons stated.

Under said circumstances, to support the right of the codefendant Halco or of its insurance company to require compensation from Glenwall, by way of a third-party complaint, and in compliance with a contract, for what Halco would be bound to pay to the plaintiff State Insurance Fund and to the workman as a result of the accident, is not contrary either to

---

[1] In the text of contract:

"The Lessee/Buyer *assumes all responsibility* for claims asserted by any person whatever growing out of the erection and maintenance, use or possession of said equipment *and agrees to hold Halco harmless from all such claims.*"

the rule established in *Cortijo* and in other of our decisions, or to the public policy involved in the Workmen's Accident Compensation Act regarding the immunity offered by the Act to an insured employer tort-feasor of the damage suffered by his employee, against the latter's actions in the quasi-delictual sphere of the fault or negligence.

The immunity induces the employers to carry insurance, and leads to the existence of an integrated system of compensation on the basis of an objective liability, with or without negligence.

If an employer, knowing the state of the law and the immunity which protects him, in his freedom of contract decides to assume an obligation regarding third persons who might be guilty of the accident, this in no way affects the public policy nor the integrated system of compensation to workmen, provided, as far as the worker and the Fund are concerned, that the provisions of the law, which cannot be modified or altered contractually, be complied with.

Under the circumstances of this case, Halco and its insurer should always and directly be held liable, notwithstanding the existence of the third-party complaint, to the plaintiff Fund and to the workman, if it were proved that by its fault or negligence the third person was the one who caused the accident.—Section 31 of the Act.

What Halco seeks with the third-party complaint is to assert its right, if judgment is rendered against it in favor of the Fund and the workman, to require Glenwall to comply with its contractual obligation of indemnifying Halco for what it would have to pay. The fact that the third-party complaint should be granted in due time would in no way affect Halco's obligation to indemnify the worker and the Fund if by judgment it were adjudged as the one guilty of the accident by its fault or negligence.

On the basis of the foregoing assumptions of law which should govern, the granting of the third-party complaint in

this case does not depart from the rules of *Cortijo* and of other decisions, nor from the rules of the special law which governs. We believe that if Halco had indemnified the plaintiff, in the event it were adjudged to do so, nothing would preclude it from bringing a suit to recover from Glenwall under the contractual covenant agreed upon. The fact that it may do so by way of a third-party complaint in the suit does not alter the substantive situation governing between the parties, nor does it alter or affect the position of the Fund and the plaintiff workman under § 31 of the Workmen's Accident Compensation Act.

The above-copied judgment will be reversed, and the record remanded for further proceedings consistent with this opinion.